FILED
IN CLERK'S OFFICE

2026 FEB 13 A 11: 46

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JOHN DOE                                   Civil Action No.: 1:26-CV-10486-ADB

*Plaintiff*,

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION) ET AL.

*Defendant*

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO PROCEED UNDER PSEUDONYM AND MOTION TO STAY PENDING APPEAL

Plaintiff, proceeding *pro se*, respectfully moves this Court to reconsider its Order dated February 2, 2026 denying Plaintiff's motion to proceed under a pseudonym. In the alternative, Plaintiff moves the Court to stay the deadline for disclosure of Plaintiff's legal name and address pending an interlocutory appeal to the United States Court of Appeals for the First Circuit.

### I. MOTION FOR RECONSIDERATION

Under the "totality of the circumstances" test established in *Doe v. MIT*, 46 F.4th 61 (1st Cir. 2022), a plaintiff may proceed anonymously when their privacy interest outweighs the public's interest in disclosure. Plaintiff requests reconsideration based on the following:

1. **Risk of Retaliatory Professional Harm:** Plaintiff's claim implicates Jews in a massive global conspiracy to exclude non-Jewish White males from educational and employment opportunities. Disclosure of Plaintiff's identity presents a significant risk that Plaintiff will be blackballed from future employment.

    In Plaintiff's industry of employment, the human resources departments (who are ultimately responsible for employment decisions) are vastly disproportionately headed and staffed by Jews. These Jews have already demonstrated discriminatory practices against non-Jewish White males. Plaintiff observed at previous employers that, of the approximately 25 White coworkers who received early promotions, all had Jewish surnames. Plaintiff, who is trained in statistics, computed the probability that such an event would happen by statistical chance

to be on the order on 1 in a billion; In comparison, in criminal trials for crimes such as rape or murder, the probability of a false positive result DNA evidence is estimated by experts to be on the order of 1 in a thousand. Conclusion: it is downright scientifically ludicrous to even *consider* the possibility that Jews in human resources departments are *not* discriminating against non-Jewish White males.

There is more evidence that the human resources departments are discriminating against non-Jewish White males: They publicly *say* they are discriminating. In the years 2020 to 2024, many high-level managers at large employers publicly stated their organizations had implemented policies prohibiting the hiring of White males. Some of these employers implement policies whereby a White male could be hired only if an 'exception' were granted by a high-level manager at the organization – to Plaintiff's knowledge, these 'exceptions' were given exclusively to Jews.

In light of the preeminence of Jews in hiring positions, and in light of the (lengthy, obvious, and public) discrimination by these Jews against non-Jewish White males, it is certain that publicly disclosing Plaintiff's identity will result in the total blackballing of Plaintiff from professional employment, bringing Plaintiff to financial ruin.

2. **Risk of Assassination, Torture, Harm, and Harassment:** Plaintiff's Complaint against Defendants presents a threat to Jewish Supremacist interests. The Jews have a probable history of assassinating, torturing, harming, and harassing those who threaten Jewish Supremacists interests.

For instance, President Jack Kennedy, after taking measures to prevent the Jewish Supremacists ethnostate Israel from acquiring nuclear weapons, was likely assassinated by a cabal of Jews, among them Jack Ruby (real name Jacob Rubenstein), a likely agent of the Israeli Mossad. Other explanations for Kennedy's assassination are idiotic or downright schizophrenic. Nearly all people convicted of espionage to proliferate nuclear weapons were Jews.

The Israeli Mossad appears to still be very powerful in the US. Jews Jeffery Epstein and Ghislaine Maxwell, likely Mossad agents, appear to have implemented a vast sex trafficking "honeypot" conspiracy to blackmail influential people. Recently released emails to and from Epstein include frequent correspondence with numerous Harvard staff. Epstein's emails with Martin Nowak (a Jew and a Harvard professor) include inexplicable references to a 'spy' and 'torture'. Many of Epstein's emails evince racial animus against non-Jews; the emails include frequent use of the terms "goy" and "goyim", hateful terms intended to denigrate non-Jews.

> The political and social nature of the Complaint generally presents a risk of assassination, harm, and harassment to Plaintiff. There is no doubt among the public that crime motivated by social or political concerns is prevalent. Some of these crimes target individuals, like Plaintiff, who criticize Jews. For instance, Nick Fuentes, a speaker known for his criticism of Jews, was attacked at his home recently by a political activist. Today, on February 11, social media reports allege that James Fishback, a critic of Jews, was the victim of a potentially murderous arson attack.

3. **Lack of Prejudice to Defendant:** Harvard College will not be prejudiced by the use of a pseudonym at this stage, as Plaintiff is willing to disclose their identity to the Court and to Defense Counsel under a protective order for the purposes of discovery.

## II. MOTION TO STAY PENDING APPEAL

If the Court declines to reconsider its Order, Plaintiff respectfully requests a stay of the requirement to file a legal name and address.

1. **Irreparable Harm:** The denial of a pseudonym is an appealable "collateral order." If Plaintiff is forced to disclose their name now, the "bell cannot be un-rung", that is, the issue becomes moot and the Plaintiff is stripped of the right to seek appellate review.

2. **Preservation of Status Quo:** A stay would preserve the status quo while the First Circuit determines whether the high standard for anonymity has been met.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion for reconsideration or, alternatively, stay the disclosure deadline for 30 days to allow Plaintiff to file a Notice of Appeal.

Respectfully submitted,

*John Doe*

*Dated: February 11, 2026*