UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>           v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE and THE HONORABLE AND REVEREND THE BOARD OF OVERSEERS,<br><br>      Defendants. | Civil Action No. 1:26-cv-10486-ADB |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO PROCEED UNDER A PSEUDONYM**

Defendant President and Fellows of Harvard College ("Harvard")[1] respectfully submits

this Opposition to Plaintiff John Doe's Motion for Reconsideration, Doc. No. 10, of this Court's

Order dated, February 2, 2026, Doc. No. 7, denying Doe's Motion to Proceed Under a

Pseudonym.

**INTRODUCTION**

As set forth in more detail below, this Court should reject Doe's Motion for

Reconsideration because the Court correctly denied Doe's Motion to Proceed Under a

Pseudonym. In his initial effort to proceed under a pseudonym, Doe attempted to rebut the strong

presumption against pseudonymous litigation with nothing more than speculative,

uncorroborated claims of potential harm. *See* Doc. No. 7. And Doe's Motion for Reconsideration

offers nothing more: it presents no newly discovered evidence, identifies no intervening change

---

[1] The Honorable and Reverend The Board of Bar Overseers is not a proper defendant in this action, because it is not a corporate entity independent of President and Fellows of Harvard College.

in controlling law, and demonstrates no manifest error of law in the Court's prior Order. *See generally* Doc. No. 10. To the contrary, Doe repackages the same speculative assertions previously considered and rejected, supplemented by unfounded conspiracy theories that in fact underscore why anonymity is unwarranted here. *Id.*

Only an "exceptional case" warrants pseudonymity under the First Circuit's framework. *Doe v. Mass. Inst. of Tech.* ("*MIT*"), 46 F.4th 61, 67 (1st Cir. 2022). This is not such a case. Doe publicly and voluntarily filed a complaint replete with inflammatory and sensationalistic allegations. There is no basis for him to be granted the protection of anonymity while he publicly accuses an entire ethnic and religious group—and Harvard's community—of a vast conspiracy to harm him. The Court's February 2, 2026 Order was correct and should not be disturbed.

## **LEGAL STANDARDS**

### A.    **Motions for Reconsideration**

Although a "district court has the inherent power to reconsider its interlocutory orders," *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008), it should "be loathe to [do so] in the absence of extraordinary circumstances," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). A court should accordingly grant a motion for reconsideration of an interlocutory order "only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" *Id.* (quoting *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006)) (alteration in original).

B.      **Pseudonymity**

There is a "strong presumption against the use of pseudonyms in civil litigation," stemming from "our Nation's tradition of doing justice out in the open, neither 'in a corner nor in any covert manner.'" *MIT*, 46 F.4th at 67-68 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 567 (1980) (plurality opinion)). Because the use of pseudonyms is in tension with the right of public access to judicial proceedings and documents, such use is warranted only in "exceptional cases." *Id.* The party seeking pseudonymity bears the burden of rebutting the strong presumption against it. *Id.* at 73.

The First Circuit has identified four general paradigms of exceptional cases: (1) those involving a party who "reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"; (2) those "in which identifying the would-be Doe would harm innocent non-parties"; (3) those "in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) those "that are bound up with a prior proceeding made confidential by law." *Id.* at 71–72 (internal quotations omitted). This case falls squarely outside of these paradigms.

## ARGUMENT

A.      **Doe's Motion Fails to Meet the Standard for Reconsideration**

Doe's Motion for Reconsideration identifies none of the limited grounds that would warrant this Court revisiting its February 2, 2026 Order. He does not point to any intervening change in controlling law, does not present any newly discovered evidence that was unavailable at the time of the initial motion, and identifies no manifest error of law in the Court's analysis— because there was none. *See generally* Doc. No. 10. Instead, Doe's motion amounts to nothing more than a restatement and expansion of the same arguments that this Court already considered and found insufficient. Specifically, in his original motion, Doe asserted, in cursory fashion, that

3

the litigation would involve "highly sensitive personal information regarding [his] ancestry, educational records, and potential for future personal harm," and offered a bare, one-paragraph list of alleged risks without any supporting evidence or elaboration. Doc. No. 2. His Motion for Reconsideration repeats the same categories of claimed harms, adding only additional unsupported speculation—including conspiracy theories about the assassination of President Kennedy—that do not constitute newly discovered evidence. Doc. No. 10. Because Doe has asserted no valid basis for reconsideration of this Court's February 2, 2026 Order, his motion should be denied.

**B.**     **This Is Not an "Exceptional" Case in Which Use of a Pseudonym Is Warranted**

Nor has Doe met his burden of demonstrating that this is an "exceptional" case warranting pseudonymity.

          1.     *Doe Has Not Demonstrated a "Reasonable Fear" of "Unusually Severe Harm"*

Under the first *MIT* paradigm, a plaintiff must show that he "reasonably fears that coming out of the shadows will cause him unusually severe harm." *MIT*, 46 F.4th at 71.

Doe begins by asserting that he should be permitted to proceed under a pseudonym due to a "risk of retaliatory professional harm." Doc. No. 10 at 1-2. Specifically, he claims that disclosure of his identity will result in his "total blackballing" from professional employment because, in his view, "human resources departments . . . are vastly disproportionately headed and staffed by Jews" and "[t]hese Jews have already demonstrated discriminatory practices against non-Jewish White males" *Id.* at 1. This argument fails for multiple reasons.

First, Doe's assertion—which is, at best, a personal opinion about the employment market—is the type of speculative claim that this Court already found insufficient. Doc. No. 7 (alleged risks "without corroboration . . . do not rise above a level of mere speculation"). Second,

even taking Doe's concerns at face value, "[o]rdinary reputational injury, embarrassment, or economic loss" are insufficient. *Smith v. Bentley Univ.*, No. 25-cv-12317-AK, 2026 WL 194339, at *2 (D. Mass. Jan. 26, 2026). Potential reputational or professional harm is an ordinary feature of adversarial litigation: "[l]awsuits in federal courts frequently invade customary notions of privacy and—in the bargain—threaten parties' reputations," and "[i]f commonplace lawsuit-induced distress were enough to justify the use of a pseudonym, anonymity would be the order of the day: Does and Roes would predominate." *MIT*, 46 F.4th at 70. Accordingly, plaintiffs who bring employment discrimination and similar civil rights cases are expected to proceed under their own names, notwithstanding the risk of professional consequences. *See Doe v. Regents of Univ. of Colorado*, 603 F. Supp. 3d 1014, 1020 (D. Colo. 2022) ("It is undeniably true that when a plaintiff is identified as a complaining party in an employment-related or whistleblower lawsuit, it might cause future employers to think twice about hiring her. But such is the case for any plaintiff in an employment-related or discrimination-related case"); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 27 (1st Cir. 2007); *Ronda-Perez v. Banco Bilbao Vizcaya Argentaria-P.R.*, 404 F.3d 42, 43-44 (1st Cir. 2006). Third, any reputational or professional harm that may result from this litigation is entirely self-inflicted. Doe chose to file a federal lawsuit containing a host of virulently antisemitic conspiracy theories. He "cannot use his privacy interests as a shelter from which he can safely hurl these accusations without subjecting himself to public scrutiny, even if that public scrutiny includes scorn and criticism." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 142 (S.D. Ind. 1996).

Doe next asserts that he faces a risk of "assassination, torture, harm, and harassment" from "Jewish Supremacists," based on unsubstantiated allegations regarding the assassination of President Kennedy by a "cabal of Jews," the Jeffrey Epstein scandal, and unverified social media

reports of politically motivated violence against anti-Jewish commentators. Doc. No. 7 at 2-3. Offered without a shred of competent evidence, these are speculative, fantastical allegations that cannot support pseudonymity. Indeed, the First Circuit has made clear that, as to this particular paradigm, a plaintiff must establish a "*reasonable* fear that he will suffer severe harm." *MIT*, 46 F.4th at 73 (emphasis added). Courts in this circuit have accordingly required concrete and credible evidence of such fear. *See, e.g.*, *Doe v. Del Toro*, No. 1:23-cv-13112-JEK, 2024 WL 816511, at *2 (D. Mass. Feb. 27, 2024); *Doe v. U.S. Sec'y of State*, 707 F. Supp. 3d 142, 144 (D.N.H. 2023). Doe offers no such credible evidence here: his unsubstantiated claim that he faces risks of assassination and torture because of his lawsuit is, on its face, patently unreasonable. The Court correctly identified this deficiency in its initial Order, and Doe's Motion for Reconsideration does nothing to cure it.

2.    *Doe Has Not Satisfied Any of the Other* MIT *Paradigms Warranting Pseudonymity*

Likewise, Doe has not satisfied any of the other *MIT* paradigms. He does not argue, and there is no basis to conclude, that identifying him will harm innocent non-parties. *See MIT*, 46 F.4th at 71-72. Nor is pseudonymity "necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.* As discussed above, discrimination cases are routinely filed in federal court, even though plaintiffs must proceed under their own names. *See*, *supra*, at 5. And Doe has not shown that this is a case that is "bound up with a prior proceeding made confidential by law." *Id.*

In addition, there is no other reason to allow Doe to proceed under a pseudonym. Doe's suggestion that Harvard will suffer no prejudice from his use of a pseudonym is simply incorrect. More importantly, Doe's argument misses the point: even if there were a lack of prejudice to Harvard, that is not a sufficient basis to override the public's strong interest in transparent

judicial proceedings. As the First Circuit has recognized, pseudonymous lawsuits erode public access to and public trust in judicial proceedings. *MIT*, 46 F.4th at 68-69. Doe has failed to rebut the strong presumption against the use of pseudonyms in civil litigation.

For all of these reasons, this Court should deny his Motion for Reconsideration.

Respectfully submitted,

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE and THE
HONORABLE AND REVEREND THE
BOARD OF OVERSEERS,

By their attorneys,

*/s/ Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
Victoria L. Steinberg (BBO #666482)
vsteinberg@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: May 18, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, this document was filed through the ECF system. It will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing, and mailed by First Class Mail to *pro se* parties.

*/s/ Alexandra Arnold*
Alexandra Arnold