UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


JOHN DOE,

    Plaintiff,

v.                                                    Case No. 1:26-cv-10486-ADB

HARVARD ET. AL.,

    Defendants.

_____/


**PLAINTIFF'S EMERGENCY MOTION FOR ADMINISTRATIVE EXTENSION OF TIME TO COMPLY WITH THE COURT'S MAY 20, 2026 ORDER**


Plaintiff John Doe, proceeding pro se, respectfully moves this Court for an emergency administrative extension of time to comply with the Court's Electronic Order dated May 20, 2026 (ECF No. 23). In support of this Motion, Plaintiff states as follows:

1. On May 20, 2026, the Court entered an Electronic Order (ECF No. 23) directing Plaintiff to file a public notice revealing his true identity and address on or before June 2, 2026.

2. As explicitly reflected on the official court docket at Docket Entry No. 25, due to an administrative clerk error, a physical copy of the Court's May 20 Order was not actually mailed to Plaintiff's out-of-state mailing address in Los Angeles, California until Friday, May 29, 2026. Docket Entry No. 25 explicitly notes: "Due to clerk error it is unclear whether this order was mailed when originally entered."

1

3. Because the Clerk's Office did not dispatch the physical mail until the afternoon of Friday, May 29, 2026, it is a logistical impossibility for the U.S. Postal Service to transport and deliver the notice before the June 2, 2026 deadline. With only a single business day (Monday, June 1) intervening between the postmark date and the compliance deadline, Plaintiff has been systematically deprived of his fundamental right to timely notice.

4. Concurrently with this emergency motion, Plaintiff is filing a Motion to Vacate the Court's May 20, 2026 Order pursuant to Fed. R. Civ. P. 54(b). As demonstrated therein, the Court issued its order prior to the docketing and consideration of Plaintiff's timely Reply Memorandum (ECF No. 24), which was not entered into the system until May 27, 2026.

5. Forcing compliance with an identity disclosure deadline before a litigant has received the underlying decision, and while a motion to remedy a significant procedural oversight is pending, violates basic principles of due process. It would inflict severe, irreversible prejudice by permanently exposing Plaintiff's identity to the public record before the court has evaluated the complete briefing record.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Emergency Motion and extend the deadline to comply with the Court's May 20, 2026 Order until fourteen (14) days after the Court issues an order resolving Plaintiff's concurrently filed Motion to Vacate.

Dated: June 1, 2026

Respectfully submitted,

*John Doe*

John Doe, Pro Se Plaintiff

P.O. Box 151133

Los Angeles, CA 90015

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing document was served via first-class U.S. Mail, postage prepaid, upon all counsel of record registered with the Court's CM/ECF system.

*John Doe*

John Doe, Pro Se Plaintiff