**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

JOHN DOE,

      Plaintiff,

v.                                 Case No. 1:26-cv-10486-ADB

HARVARD ET. AL.,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RELATED APPELLATE DECISION

Plaintiff John Doe ("Plaintiff"), proceeding pro se, respectfully moves this Court to stay all further proceedings in the above-captioned matter, including the July 1, 2026 deadline to file a notice of his legal name and address under this Court's June 10, 2026 Order (ECF No. 28), pending a decision by the United States Court of Appeals for the Third Circuit in a related case involving the same controlling legal standard. As grounds for this motion, Plaintiff states as follows.

## INTRODUCTION

This Court has inherent authority to manage its docket in the interest of judicial economy and to avoid the risk of an irreversible act — public disclosure of Plaintiff's identity — being compelled before the controlling appellate question is resolved. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Plaintiff has a related case pending in the United States District Court for the Eastern District of Pennsylvania, where the denial of his motion to proceed by pseudonym is currently on appeal to the Third Circuit; see also AKB

1

Petroleum, Inc. v. Circle K Stores Inc., No. 3:23-cv-00388-MMA-DEB (S.D. Cal. Nov. 8, 2023) (staying case pending resolution of a related appeal). Because the Third Circuit's forthcoming decision will bear directly on the same procedural standard this Court has applied in its prior orders, Plaintiff respectfully requests a brief, limited stay of the July 1, 2026 deadline.

Plaintiff recognizes that this Court has previously considered and denied Plaintiff's requests to proceed under a pseudonym, most recently denying Plaintiff's motion to vacate on June 10, 2026. See ECF Nos. 7, 23, 28. This motion does not ask the Court to revisit the merits of that determination. Rather, Plaintiff requests only a stay of the compliance deadline itself, so that the question presented — which is now squarely before a federal court of appeals — may be resolved before Plaintiff is required to take an irreversible step.

## BACKGROUND

1.  Plaintiff commenced this action against Defendants President and Fellows of Harvard College and the Board of Overseers of Harvard College on January 30, 2026, alleging violations of Title VI of the Civil Rights Act of 1964 and related claims. ECF No. 1.

2.  Contemporaneously with his Complaint, Plaintiff filed a Motion for Leave to Proceed Under Pseudonym. ECF No. 2.

3.  On February 2, 2026, this Court denied Plaintiff's motion and directed Plaintiff to file a notice of his legal name and address no later than February 16, 2026. ECF No. 7.

2

4.  On February 13, 2026, Plaintiff moved for reconsideration of that order, or in the alternative, a stay pending appeal. ECF No. 10. On February 17, 2026, the Court granted a partial stay of the disclosure deadline to permit Defendants to respond to the motion for reconsideration. ECF No. 11.

5.  On May 20, 2026, after Defendants filed their opposition, ECF No. 21, the Court denied Plaintiff's motion for reconsideration and his request for a stay pending interlocutory appeal, and set a new disclosure deadline of June 2, 2026. ECF No. 23.

6.  On June 9, 2026, Plaintiff filed an emergency motion for an extension of time and a motion to vacate the Court's May 20, 2026 order. ECF Nos. 26, 27. On June 10, 2026, the Court denied the motion to vacate but, due to a mailing delay, granted an extension of the disclosure deadline to July 1, 2026, while cautioning that failure to timely comply would result in dismissal of the action. ECF No. 28.

7.  Plaintiff also has a pending case, Doe v. University of Pennsylvania, No. 2:26-cv-02472-MAK (E.D. Pa.), against a different educational institution, raising substantially the same claims under substantially the same legal theory.

8.  In that case, Plaintiff likewise moved to proceed by pseudonym. The district court denied the motion, and Plaintiff timely appealed that denial to the United States Court of Appeals for the Third Circuit, where the appeal is currently pending as No. 26-2507.

9.  The legal issue on appeal — the proper application of the balancing test governing a party's ability to proceed by pseudonym in litigation against an educational

institution — is substantially the same issue this Court has addressed in its February 2, May 20, and June 10, 2026 orders in this case.

10.    That the defendant institution differs between the two cases does not defeat their relatedness for purposes of a stay. Courts have recognized that "[f]or two actions to be considered parallel, the parties in the actions need not be the same, but they must be substantially the same." Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94–95 (2d Cir. 2006), quoted in Sunset Equities Ltd. v. Donald J. Urgo & Assocs., LLC, No. 22 Civ. 8857 (PGG) (S.D.N.Y. Mar. 20, 2024). Here, Plaintiff is the common party in both actions, and the controlling legal question is substantially identical.

## LEGAL ARGUMENT

*I. The Court Has Broad, Inherent Authority to Stay Proceedings.*

A district court has broad and inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). That authority includes the power to stay an action "pending resolution of independent proceedings which bear upon the case," even where those proceedings are not "necessarily controlling of the action before the court." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979); see also AKB Petroleum, Inc. v. Circle K Stores Inc., No. 3:23-cv-00388-MMA-DEB (S.D. Cal. Nov. 8, 2023) (staying proceedings pending resolution of a related appeal).

*II. A Stay of the Disclosure Deadline Is Warranted Because a Federal Court of Appeals Is Presently Reviewing the Identical Procedural Question.*

4

The pseudonymity question presented in the pending Third Circuit appeal is the same question this Court has resolved in its February 2, May 20, and June 10, 2026 orders: whether Plaintiff may proceed anonymously given the nature of his claims against an educational institution. A ruling from the Third Circuit, while not binding on this Court, will provide direct and timely appellate guidance on how this exact legal standard applies to substantially identical facts. Requiring Plaintiff to disclose his identity — an irreversible act — before that guidance issues risks a result that may be inconsistent with the forthcoming appellate decision.

Plaintiff is mindful that this Court has already ruled against him on the underlying pseudonymity question and has cautioned that noncompliance with the July 1, 2026 deadline will result in dismissal. ECF No. 28. Plaintiff does not ask the Court to disturb that ruling. Plaintiff asks only that the Court exercise its separate and independent docket-management authority to pause the deadline itself — not to relitigate whether the February 2, 2026 order was correct, but to avoid compelling an irreversible act while a federal appellate court is actively considering the same controlling standard in a closely related case.

*III. A Limited Stay Will Conserve Judicial and Party Resources and Will Not Meaningfully Prejudice Defendants.*

Courts routinely recognize that a stay conserves resources where, as here, a case "raises issues that substantially duplicate those raised by" a case pending in another federal court. Ritchie Cap. Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 763 n.3 (8th Cir. 2011), quoted in Midwest Eng'g Components, Inc. v. Bonfiglioli USA, Inc., No. 23-cv-0347 (WMW/TNL),

slip op. at 5 (D. Minn. Sept. 20, 2023). As the Midwest Engineering court explained, "[a] stay is deemed appropriate for conserving judicial resources when the parties would otherwise invest time and effort in addressing claims that might subsequently become irrelevant." Id. (quoting Scheffler v. Equifax Info. Servs., LLC, No. 15-cv-3340 (JRT/FLN), 2016 WL 424969, at *4 (D. Minn. Feb. 3, 2016)). Courts have granted comparable stays to avoid the risk of inconsistent rulings on overlapping issues pending in parallel proceedings. See Xodus Medical Inc. v. Mullen, No. 7:21-cv-00727 (D.S.C. Feb. 28, 2022); Dunlap v. Vilsack, No. 2:21-cv-00942 (D. Or.).

A short stay limited to the pendency of the Third Circuit appeal would impose minimal additional burden on Defendants, who have not yet been required to answer or otherwise respond to the Complaint pending resolution of the pseudonymity issue. See ECF No. 18 (Defendants' response to the Complaint due 21 days after resolution of Plaintiff's motion for reconsideration). A stay limited to the period before the Third Circuit's ruling will not alter that timeline in any material respect, while protecting Plaintiff from being forced to disclose his identity before the controlling legal standard has been addressed by an appellate court.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1.    Staying all further proceedings in this matter, including the July 1, 2026 deadline set forth in the Court's June 10, 2026 Order (ECF No. 28), pending a final decision from the United States Court of Appeals for the Third Circuit in No. 26-2507;

2.    Extending the deadline for Plaintiff to file notice of his legal name and address until thirty (30) days after the Third Circuit's decision issues; and

3.    Granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2026, a true and correct copy of the foregoing motion was served via first-class U.S. Mail, postage prepaid, upon counsel of record for Defendants: Victoria L. Steinberg, Esq. and Alexandra Arnold, Esq., Cloherty & Steinberg LLP, One Financial Center, Suite 1120, Boston, MA 02111.

Dated: June 27, 2026

Respectfully submitted,

*John Doe*

John Doe, Plaintiff Pro Se
PO Box 151133
Los Angeles, CA 90015
johndoediscriminationsuit@gmail.com

7

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,

    Plaintiff,

v.

10486-ADB

HARVARD ET. AL.,

    Defendants.

Case No. 1:26-cv-

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing Motion for Permission for Electronic Filing was served via first-class U.S. Mail, postage prepaid, upon all counsel of record for Defendants.

_John Doe_  06/27/2026

John Doe, Plaintiff Pro Se